IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANCIS MALOFIY, as Administrator for the Estate of EUGENE MALOFIY, deceased** | : : : | **CIVIL ACTION** |
| **Plaintiff,** | : : | |
| | : | **NO. 10 - 2377** |
| v. | : : | |
| **CARDIAC SCIENCE CORPORATION, TRI-HAMPTON RESCUE SQUAD AND UPPER SOUTHAMPTON POLICE DEPT.** | : : : : | |
| **Defendants.** | | |

**DuBOIS, J.**                                                                                   **November 12, 2010**

**M E M O R A N D U M**

**I.    INTRODUCTION**

      This case arises out of the death of Southampton, Pennsylvania resident Eugene Malofiy. For the reasons that follow, the Court concludes it lacks subject matter jurisdiction over this action and remands it to the Court of Common Pleas of Philadelphia County.

**II.    BACKGROUND**

      Anna Malofiy awoke in her Southampton, Pennsylvania home about 4:15 a.m. on November 28, 2007, to find her husband, Eugene, shaking and unable to respond. (Am. Compl. ¶ 30.) She called 911 and began to administer CPR. (Id. ¶ 31.) A few minutes later, an officer from defendant Upper Southampton Police Department ("Upper Southampton") arrived with an automated external defibrillator ("AED"), which he attempted to use to resuscitate Eugene

Malofiy. (Id. ¶ 33.) When the officer turned on the AED, however, it displayed the error message "Service Required" and failed to operate as expected. (Id. ¶ 34.) Officers from Upper Southampton and medics from defendant Tri-Hampton Rescue Squad ("Tri-Hampton") attempted to save Eugene Malofiy without the AED but were ultimately unsuccessful. (Id. ¶¶ 36-38, 45.)

Plaintiff Francis Malofiy ("Plaintiff"), Administrator of the Estate of Eugene Malofiy, filed the instant action in the Philadelphia Court of Common Pleas on or about April 30, 2010. Named as defendants were Cardiac Science Corporation ("Cardiac"), manufacturer of the AED; Upper Southampton; and Tri-Hampton. On May 19, 2010, Cardiac removed the case to this Court. Plaintiff filed an Amended Complaint on September 13, 2010, after which Upper Southampton and Cardiac both filed Motions to Dismiss.

In its Amended Complaint, Plaintiff asserts various state-law theories of recovery against Cardiac for the malfunctioning of the AED. (Id. ¶¶ 78-180.) In addition – or in the alternative – Plaintiff asserts that Upper Southampton was negligent in its storage and maintenance of the AED and in its attempt to save Eugene Malofiy and that Tri-Hampton was negligent in its rescue attempt. (Id. ¶¶ 149-80.) Plaintiff makes no claim against any party arising under federal law.

The Court issued an Order on October 22, 2010, directing the parties to provide supplemental briefing on the issue of whether the Court has subject matter jurisdiction over the case. All parties timely filed memoranda of law on November 5, 2010.

### III.   DISCUSSION

After a case is removed from state to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28

U.S.C. § 1447(c). While neither party raised the issue of subject matter jurisdiction prior to the Court's October 22, 2010 Order, "[a] federal court has the obligation to address a question of subject matter jurisdiction sua sponte." Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), abrogated in part on other grounds by Exxon Mobil Corp. v. Allapattah, 545 U.S. 546 (2005).

The only arguable bases for federal subject matter jurisdiction are (1) diversity of citizenship of the parties, 28 U.S.C. § 1332(a)(1); and (2) the presence of a federal question, 28 U.S.C. § 1331. The Court concludes that this case does not satisfy the standards for either basis for jurisdiction.

A. Diversity Jurisdiction

A federal district court has diversity jurisdiction over a case where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The requirement that the controversy be between citizens of different states has been interpreted as a mandate of "complete diversity," meaning no plaintiff can be a citizen of the same state as any defendant. See, e.g., Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010).

From the face of the Amended Complaint, it is clear that Plaintiff, Tri-Hampton and Upper Southampton are all citizens of Pennsylvania. (See Am. Compl. ¶¶ 5, 15-16.)[1] As complete diversity is not present, there can be no diversity jurisdiction.

---

[1] The complaint does not disclose Plaintiff's residence, but this is irrelevant because "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent. . . ." 28 U.S.C. § 1332(c)(2). The decedent, Eugene Malofiy, was a "longtime resident of Southampton, Pennsylvania." (Am. Compl. ¶ 5.) Plaintiff is thus a Pennsylvania citizen.

B. Federal Question Jurisdiction

Federal district courts also have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Such "federal question" or "arising under" jurisdiction is only found where "a federal question appear[s] on the face of the plaintiff's well-pleaded complaint." Metro. Life Ins. Co. v. Price, 501 F.3d 271, 276 (3d Cir. 2007) (citing Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908)). A federal defense to a state law claim typically is not sufficient to confer federal question jurisdiction. In re U.S. Healthcare, Inc., 193 F.3d 151, 160 (3d Cir. 1999).

All of the claims in the Amended Complaint sound in state law. There are, however, at least two instances in which a federal court can maintain federal question jurisdiction without the plaintiff having pleaded a federal claim: (1) where the well-pleaded complaint reveals a sufficiently substantial federal issue in the state law action, and (2) where the doctrine of "complete preemption" applies. Neither exception applies to this case.

1. *Federal Question Jurisdiction Under Grable & Sons*

Even where a claim arises under state law, a federal district court may entertain it under its federal question jurisdiction where the claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). The Supreme Court has labeled the spectrum of claims sufficient to invoke jurisdiction under Grable & Sons a "slim category." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 701 (2006).

In Grable & Sons, the IRS seized and sold property to satisfy a tax delinquency. 545 U.S. at 310. The original owners later brought a quiet title action, seeking to reclaim the property on the grounds that the IRS had failed to follow federal tax law when it gave notice of its seizure. Id. at 311. In upholding federal jurisdiction over the state-law claim, the Supreme Court concluded that the federal issue was substantial and disputed; indeed, it was "the only legal or factual issue contested in the case." Id. at 315. Further, the Court held, because "it is the rare state quiet title action that involves contested issues of federal law, . . . [asserting] jurisdiction over actions like Grable's would not materially affect, or threaten to affect, the normal currents of litigation." Id. at 319.

The Court later clarified the factors that made the assertion of federal jurisdiction proper under Grable & Sons in Empire Healthchoice, 547 U.S. at 700-01. First, Grable & Sons "presented a nearly 'pure issue of law,'" that was not "fact-bound and situation specific." Id. (internal citations omitted). Second, the dispute in Grable & Sons "centered on the action of a federal agency (IRS) and its compatibility with a federal statute," rather than on the actions of private actors. Id. at 700.

Cardiac argues that the Court has jurisdiction under Grable & Sons because, Plaintiff alleges, Cardiac violated regulations of the U.S. Food and Drug Administration ("FDA"), which oversees medical devices like the AED that allegedly malfunctioned in the rescue of Eugene Malofiy. (Def. Cardiac's Mem. of Law Addressing Jurisdictional Issues at 3.) This argument is unpersuasive. Far from raising a pure issue of law, this case raises "fact-bound" and "situation specific" questions about whether Cardiac's product was properly designed, manufactured and labeled. The alleged misfeasance in this case arose not out of the activity of a federal agency but

the actions of a private actor in creating and selling a product.

Moreover, allowing the case to proceed in federal court likely would disturb the "congressionally approved balance of federal and state judicial responsibilities." Grable & Sons, 545 U.S. at 314. If any case involving a medical device that violated FDA rules could be brought in or removed to federal court, "the normal currents of litigation" would shift dramatically as federal caseloads increased. Congress' decision not to create a private right of action in the Medical Device Amendments ("MDA") to the Food, Drug and Cosmetic Act ("FDCA"), 21 U.S.C. § 360c et seq., while not dispositive, counsels strongly against conferring federal jurisdiction simply because a product regulated by the FDA is at issue. See Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 812 (1986) ("It would . . . flout, or at least undermine, congressional intent to conclude that the federal courts might nevertheless exercise federal-question jurisdiction and provide remedies for violations of [a] federal statute solely because the violation of the federal statute is said to be a 'rebuttable presumption' or a 'proximate cause' under state law, rather than a federal action under federal law.").

Cardiac cites Buckman Co. v. Plaintiffs' Legal Comm., 531 U.S. 341 (2001), in support of its argument that jurisdiction is proper under Grable & Sons. But Cardiac misconstrues Buckman. In Buckman, the Supreme Court held that a state law claim for fraud on the FDA was preempted by federal law. 531 U.S. at 348. The Court did not address the question of whether alleged fraud on the FDA created federal question jurisdiction.[2] Buckman thus offers no support to Cardiac's position.

---

[2] Buckman was a diversity case. See In re Orthopedic Bone Screw Prods. Liab. Litig., 246 F.3d 315, 317 (3d Cir. 2001).

The claims in this case simply do not fit within the "narrow category"of state law claims that, under Grable & Sons, raise a federal issue sufficient to confer jurisdiction under 28 U.S.C. § 1331.

2. *Complete Preemption*

A case is not removable based upon a defense of ordinary preemption. However, the exercise of federal question jurisdiction is appropriate where the doctrine of complete preemption applies. That doctrine provides that when "an area of state law is completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987). Complete preemption applies "when the court has concluded that the preemptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Kline v. Sec. Guards, Inc., 386 F.3d 246, 252 (3d Cir. 2004) (quoting Caterpillar Inc., 482 U.S. at 393).

In the Third Circuit, "complete preemption" exists only where (1) the federal statute that completely preempts the state includes "civil enforcement provisions within the scope of which the plaintiff's state claim falls" and (2) there is "a clear indication of a Congressional intention to permit removal despite the plaintiff's exclusive reliance on state law." Goepel v. Nat'l Postal Mail Handlers Union, 36 F.3d 306, 311 (3d Cir. 1994).

Neither prong of the Goepel test is met in this case. First, the FDCA does not contain civil enforcement provisions that address plaintiff's state-law claims. See In re Orthopedic Bone Screw Prods. Liab. Litig., 193 F.3d 781, 788 (3d Cir. 1999) ("It is well settled . . . that the FDCA creates no private right of action."). Second, as another judge in this district has commented:

> While it is true that the FDCA provides some administrative remedies for an aggrieved user of an FDA-approved product to bring an action against the FDA for enforcement of the FDCA, these procedures are not aimed at third parties, such as the defendants here, and are thus insufficient to evince the clear manifestation of congressional intent necessary to create removal jurisdiction.

Guckin v. Nagle, 259 F. Supp. 2d 406, 415 (E.D. Pa. 2003) (emphasis in original) (internal citations omitted).

The doctrine of complete preemption thus cannot provide the Court with jurisdiction over this case.

C. <u>Proper Court for Remand: Philadelphia County or Bucks County</u>

All three defendants argue that if the case is remanded to state court, it should be sent to the Court of Common Pleas of Bucks County, which, they assert, is the proper venue under Pennsylvania state law.

But the Court does not have this power. "'Remand' means 'send back.' It does not mean 'send elsewhere.' The only remand contemplated by the removal statute is a remand 'to the State court from which it was removed.'" Bloom v. Barry, 755 F.2d 356, 358 (3d Cir. 1985) (quoting 28 U.S.C. § 1447(d)); see also 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman § 3739 (4th ed. 2009) ("Federal district judges do not have the authority to 'transfer' cases by remanding them to different courts within the same state, let alone to courts of another state, regardless of jurisdiction, venue, and efficiency considerations that might favor such an action.").

The only court to which the Court can remand this action is the one from which it was removed. Thus, the Court will remand the case to the Court of Common Pleas of Philadelphia

County.

## IV. CONCLUSION

For the foregoing reasons, the Court does not have subject matter jurisdiction over this case and remands it to the Court of Common Pleas of Philadelphia County. An appropriate order follows.